Town of La Grange, Plaintiff-Appellant,

v.

Sharon L. Martin, Defendant-Respondent. [Case No. 91–2157.]

State of Wisconsin, Plaintiff-Respondent,

v.

Town of La Grange, a municipal corporation, and Town of Sugar Creek, a municipal corporation, Defendants-Appellants. [Case No. 91–2633.]

Court of Appeals

*Nos. 91–2157, 91–2633. Submitted on briefs April 21, 1992.—Decided May 13, 1992.*

(Also reported in 485 N.W.2d 287.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Russell W. Devitt* of *Soffa & Devitt* of Whitewater.

On behalf of the defendant-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general and *Joanne F. Kloppenburg,* assistant attorney general.

Before Nettesheim, P.J., Brown and Anderson, JJ.

ANDERSON, J. In this consolidated appeal, the towns of La Grange and Sugar Creek appeal from two judgments declaring that an ordinance setting a $25 daily boat launching fee for nonresidents of the towns violated sec. 30.77(3)(e), Stats. Because the fee exceeds the daily state park entrance fee and was not approved by the Department of Natural Resources (DNR) pursuant to Wis. Adm. Code sec. **NR 1.93,** we affirm.

The towns adopted an ordinance for Lauderdale Lakes which set a daily boat launching fee for a single boat at $25 for nonresidents of the towns. Sharon L. Martin was issued a citation for failing to pay the launching fee. Martin moved the court to declare that the ordinance violated sec. 30.77, Stats., and the equal protection clauses of the federal and state constitutions.

The trial court, the Honorable John R. Race presiding, took judicial notice of the launching fees for other Walworth county lakes. The fees ranged from $0 to $7. The court relied on sec. 30.77, Stats., and Wis. Adm. Code sec. **NR 1.93** and concluded that the $25 was an unreasonable fee without express DNR approval. Because no approval had been given, the court found that the ordinance was in conflict with sec. 30.77, the

ordinance was unenforceable, and Martin was not guilty of failing to pay the launching fee.

Subsequently, the state sought a declaration that the ordinance violates sec. 30.77(1)(b), Stats., and Wisconsin Constitution art. IX, sec. 1. The state sought an injunction prohibiting the application of the ordinance. The trial court, the Honorable James L. Carlson presiding, concluded that Wis. Adm. Code sec. **NR 1.93** controlled, that the ordinance violated sec. 30.77, and granted judgment on the pleadings in favor of the state.[1] The towns appeal both trial court decisions.

The main issue on appeal is whether the ordinance violates sec. 30.77(3)(e), Stats. The facts are undisputed. The application of undisputed facts to a statute is a question of law which we review *de novo. Park Bank-West v. Mueller*, 151 Wis. 2d 476, 482, 444 N.W.2d 754, 757 (Ct. App. 1989).

Section 30.77(3)(e), Stats., provides that towns may charge boat operators "reasonable fees" for the use of a public boat launching facility that the towns own or operate.[2] The DNR has concluded that excessive or

---

[1]Judge Carlson also concluded that the ordinance violated Wisconsin Constitution art. IX, sec. 1. Because we conclude that the ordinance violates sec. 30.77, Stats., we do not reach the constitutional issue.

[2]Section 30.77, Stats., reads in relevant part:

**Local regulation of boating. (1)** LOCAL REGULATION PROHIBITED; EXCEPTIONS . . ... No municipality or public inland lake protection and rehabilitation district may:

. . ..

(b) Except as provided in subs. (2) and (3), enact any local regulation which in any manner excludes any boat from the free use of the waters of this state or which pertains to the use, operation or equipment of boats or which governs any activity regulated by ss. 30.50 to 30.71.

unreasonable boat launching fees restrict or prohibit public access to and use of navigable waterways. Wisconsin Adm. Code sec. **NR 1.93**(1).³ The DNR interprets "reasonable fees" under sec. 30.77(3)(e) as the amount currently charged an individual vehicle for daily entrance to a state park. Wisconsin Adm. Code sec. **NR 1.93**(1). As of August 15, 1991, that fee is $4. Section 27.01(7)(f)2, Stats.; *see also* secs. 819 and 9400, 1991 Wis. Act 39. Towns wanting to charge more than $4 for boat launching must go through the administrative channels to receive approval from the DNR. *See* Wis. Adm. Code sec. **NR 1.93**(2)–(4).

. . ..

(3) LOCAL REGULATIONS.

. . ..

(e) Notwithstanding the prohibition in sub. (1) against local regulations that exclude any boat from the free use of the waters of the state:

1. A municipality or a public inland lake protection and rehabilitation district that has in effect a local regulation adopted under par. (am) may charge boat operators reasonable fees for any of the following:

a. Use of a public boat launching facility that the municipality or lake district owns or operates.

b. The municipality's or lake district's costs for operating or maintaining a water safety patrol unit, as defined in s. 30.79(1)(b)2.

c. The municipality's or lake district's costs for providing other recreational boating services.

³Wisconsin Adm. Code sec. **NR 1.93**(1) states:

**Fees for vehicular access.** (1) The department finds that charging excessive or unreasonable boat launching fees serves to restrict or prohibit public access to and use of navigable bodies of water in the state. A reasonable fee for the use of a vehicular access site to navigable lakes and streams, including parking fees assessed the users of the access site, is that currently charged an individual vehicle for daily entrance to state park and forest areas. Access fees charged in excess of such daily entrance fees are unreasonable unless the department has approved them in accordance with this section.

The towns argue, however, that Wis. Adm. Code sec. **NR 1.93** is no longer valid because sec. 30.77(3)(e), Stats., was repealed and recreated. *See* sec. 4m, 1989 Wis. Act 159. Prior to the amendment, the towns could charge a reasonable fee only for boat launching and boat inspection. *See* sec. 30.77(3)(e), Stats. (1987–88). The change allowed the towns to charge reasonable fees for operating or maintaining a safety patrol unit and for other recreational boating services. The towns argue that because Wis. Adm. Code sec. **NR 1.93** was not changed to incorporate the new fees, it therefore fails to consider the towns' cost for providing the services added by the recreated sec. 30.77(3)(e). We do not decide that issue because the validity of the code in regard to the new fees is not before us. This appeal involves the towns' boat launching fee—the first of the three subdivisions of sec. 30.77(3)(e). The change did nothing to change the previous requirement that the boat launching fee be "reasonable." The change did not alter the DNR's interpretation of "reasonable."

The towns increased the boat launching fee to cover additional costs. If the towns desire to use the boat launching fee to recoup the cost of the other services allowed in sec. 30.77(3)(e), Stats., they must make their case before the DNR pursuant to Wis. Adm. Code sec. **NR 1.93**(2)–(4). The code is written broadly enough to allow the additional fees to be added to the boat launching fee if satisfactory evidence is presented to the DNR. Wisconsin Adm. Code sec. **NR 1.93**(4)(b)1 states that the DNR "shall approve a fee higher than [the] daily entrance fees if it finds that. . . . [s]uch fees are related directly to the *expenses of the operation* and maintenance of the *access site.*" (Emphasis added.) The code provides that expenses of the operation may include

487

costs directly attributable to the access site operation and use. Wisconsin Adm. Code sec. **NR 1.93**(2)(b)10.

The towns' ordinance set a $25 boat launching fee for nonresidents of the towns under sec. 30.77(3)(e), Stats. The DNR has determined that the "reasonable fee" for boat launching under the statute is the fee for daily entrance to a state park, or $4. Therefore, the towns violated sec. 30.77(3)(e) by setting a boat launching fee above the reasonable fee without seeking express DNR approval.

The towns raise two additional issues. First, the towns argue that Judge Carlson erred by not having an evidentiary hearing to address the reasonableness of the fees. Without this hearing, the towns claim, there is no basis for Judge Carlson's decision. However, the basis for Judge Carlson's decision is that the code determines the reasonable boat launching fee and the towns' ordinance, as a matter of law, is unreasonable. As we already have stated, Wis. Adm. Code sec. **NR 1.93** requires that if the towns want to increase the boat launching fee to cover the additional costs allowed by the amended statute, the case must be presented to the DNR. Therefore, Judge Carlson did not err in declining to hold an evidentiary hearing.

Second, the towns argue that Judge Carlson erred in granting judgment on the pleadings. The towns claim that the court relied on facts outside the pleadings when it reviewed an affidavit submitted by the state claiming that the towns had not sought DNR approval of the boat launching fee, the towns' ordinance, and Judge Race's decision. The towns argue that Judge Carlson should have treated the motion as one for summary judgment. *See* sec. 802.06(3), Stats.

Our reading of the transcript indicates that Judge Carlson did not rely on the affidavit because counsel for the towns admitted at the hearing that the towns had not sought DNR approval of the boat launching fee. Furthermore, the relevant portion of the ordinance was contained in the pleadings.[4] Finally, Judge Carlson did not rely on Judge Race's decision for factual findings, but referenced the case involving one of the parties. This does not constitute consideration of matters outside the pleadings and therefore was not error. Because all the necessary undisputed facts were in the pleadings and Judge Carlson did not look beyond the pleadings, judgment on the pleadings was proper.

*By the Court.*—Judgments affirmed.

---

[4]The towns state that the ordinance attached to the pleadings was incomplete. However, the towns do not tell this court the difference the corrected ordinance would make on the trial court's decision. The towns do not deny the crucial fact necessary for the resolution of the issue—that the ordinance sets a $25 boat launching fee for nonresidents of the towns.